# EXHIBIT A

STATE OF MICHIGAN
56TH JUDICIAL CIRCUIT COURT, EATON COUNTY

JASON WAWIERNIA,
on behalf of Plaintiff and the class
members described herein,

Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC,

Defendant.

JANICE K. CUNNINGHAM

2024- 644 -CZ

CLASS ACTION COMPLAINT AND
JURY DEMAND

Adam G. Taub (P48703)
**ADAM G. TAUB & ASSOCIATES**
**CONSUMER LAW GROUP, PLC**
17200 W 10 Mile Rd., Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

There is no other pending or resolved civil action
arising out of the transactions or occurrences
alleged in this complaint.

## CLASS ACTION COMPLAINT

1. Plaintiff Jason Wawiernia, on behalf of him and the class members described herein, complains as follows against Defendant Lowe's Home Centers, LLC.

2. Plaintiff complains that Defendant advertises safety gloves as made in the United States when they are in fact made in the People's Republic of China or India.

## PARTIES

3. Plaintiff Jason Wawiernia is a resident of Eaton County, Michigan.

4. Defendant Lowe's Home Centers, LLC ("Lowe's") is a limited liability company

organized under North Carolina law with its principal address at 1000 Lowe's Blvd., Mooresville, NC 28117. It does business in Michigan. Its registered agent and office is CSC- Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under MCR 3.501.

6. This Court has subject matter jurisdiction under MCL §§600.605 and 600.8301(1) because the total amount in controversy exceeds $25,000.

7. This Court has personal jurisdiction over Defendant pursuant to MCL §600.711(3) and MCL §600.715(1), (2) and (5) because:

a. It does substantial business in Michigan;

b. The action arises from the advertising and sale of goods in Michigan;

c. The action involves Defendant engaging in false advertising to Michigan residents.

## FACTS

8. In April 2024, Plaintiff Jason Wawiernia saw Internet advertising for safety gloves placed by Defendant Lowe's.

9. The advertising (Exhibit A) specifically represented that the gloves were made in the United States.

10. In reliance on the advertising, Plaintiff ordered eight pairs of the gloves from Lowe's and paid for them.

11. When the gloves arrived, they were labeled as being made in China and India. (Exhibit B)

12. The fact that the gloves were made in the United States was a material inducement to Plaintiff to purchase them.

13. Industrial safety standards in China and India are not as stringent as those in the United States.

14. Plaintiff believed that safety gloves made in the United States are better than safety gloves made in China or India.

15. On information and belief, most people in the United States believe that safety gloves made in the United States are better than safety gloves made in China or India.

16. On information and belief, Defendant knew this.

17. Safety gloves made in the United States command a higher price than safety gloves made in China or India.

18. On information and belief, Defendant knew this.

19. Defendant obtained higher prices for its safety gloves by representing that they were made in the United States.

**COUNT I – BREACH OF EXPRESS WARRANTY**

20. Plaintiff incorporates paragraphs 1-19.

21. Defendant's representation that its safety gloves were made in the United States created an express warranty within §2-313 of the Uniform Commercial Code (MCL 440.2313) in force in all 50 states.

22. The representation was material and formed part of the basis of the bargain.

23. Defendant breached the warranty by shipping gloves not made in the United States.

24. Plaintiff and the class members were damaged by the breach.

**CLASS ALLEGATIONS**

25. Plaintiff brings this matter as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of a class.

26. The class consists of all persons who purchased safety gloves from Lowe's that Lowe's represented to be made in the United States, and received safety gloves that were not made in the United States, during the 4 years preceding the filing of this action (MCL 440.2725).

27. Plaintiff reserves the right to amend and further clarify the proposed class definition as discovery proceeds.

28. Excluded from the class are Defendants, including any parent, subsidiary, or affiliate of Defendants and their officers, directors, agents, sales agents, employees, and members of their immediate families.

29. The class is so numerous that joinder of all members would be impracticable. There are more than 40 members.

30. There questions of fact and law common to the class members, which common questions predominate over any individual issues. The common questions include:

a. Whether it is the practice of Lowe's to represent in advertising that safety gloves are made in the United States when they are not;

b. Whether such representation creates an express warranty;

c. The appropriate remedies.

31. Plaintiff's claims are typical of the claims of the members of the putative classes. All are based on the same legal and factual contentions. Plaintiff is a member of the class and is entitled to relief against Defendant's actions.

32. Plaintiff will fairly and adequately assert and protect the interests of the members of the class. He has retained counsel fully competent in this type of litigation.

33. Plaintiff has no interests that are contrary to or in conflict with the interests of the class members.

34. The maintenance of this action as a class action will be a superior method of adjudication in promoting the convenient administration of justice because:

a. Individual adjudications could yield conflicting rulings from different courts regarding the claims made by the class members against the Defendants.

b. Individual litigation is not economically feasible.

c. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its certification as a class action.

35. Notice covering the matters set forth in MCR 3.501(C)(3) may be accomplished by

sending written notice via mail to all class members. Defendant has names and last known addresses for all class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants:

i. For compensatory damages;

ii. Awarding costs;

iii. Granting such other and further relief as is appropriate.

## COUNT II – IMPLIED WARRANTY – UCC AND MAGNUSON MOSS ACT

36. Plaintiff incorporates paragraphs 1-19.

37. The representation that the gloves were made in the United States created an implied warranty of merchantability that they "pass without objection in the trade under the contract description" under UCC § 2-314 (MCL 440.2314) in force in all 50 states.

38. The gloves did not pass without objection in the trade under the contract description.

39. Accordingly, the implied warranty of merchantability was breached.

40. Plaintiff and the class members were damaged by the breach.

41. In addition to the UCC, the breach is actionable under the Magnuson Moss Act, 15 U.S.C. §2310, which creates a federal cause of action for breach of an implied warranty.

42. The gloves are a product which is commonly purchased and used for personal, family or household purposes.

## CLASS ALLEGATIONS

43. Plaintiff brings this matter as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of a class.

44. The class consists of all persons who purchased safety gloves from Lowe's that Lowe's represented to be made in the United States, and received safety gloves that were not made in the United States, during the 4 years preceding the filing of this action.

45. Plaintiff reserves the right to amend and further clarify the proposed class definition as discovery proceeds.

46. Excluded from the class are Defendants, including any parent, subsidiary, or affiliate of Defendants and their officers, directors, agents, sales agents, employees, and members of their immediate families.

47. The class is so numerous that joinder of all members would be impracticable. There are more than 40 members.

48. There questions of fact and law common to the class members, which common questions predominate over any individual issues. The common questions include:

a. Whether it is the practice of Lowe's to represent in advertising that safety gloves are made in the United States when they are not;

b. Whether such representation creates an implied warranty;

c. The appropriate remedies.

49. Plaintiff's claims are typical of the claims of the members of the putative classes. All are based on the same legal and factual contentions. Plaintiff is a member of the class and is entitled to relief against Defendant's actions.

50. Plaintiff will fairly and adequately assert and protect the interests of the members of the class. He has retained counsel fully competent in this type of litigation.

51. Plaintiff has no interests that are contrary to or in conflict with the interests of the class members.

52. The maintenance of this action as a class action will be a superior method of adjudication in promoting the convenient administration of justice because:

a. Individual adjudications could yield conflicting rulings from different courts regarding the claims made by the class members against the Defendants.

b. Individual litigation is not economically feasible.

c. Plaintiff knows of no difficulty that will be encountered in the management

of this litigation that would preclude its certification as a class action.

53. Notice covering the matters set forth in MCR 3.501(C)(3) may be accomplished by sending written notice via mail to all class members. Defendant has names and last known addresses for all class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant:

i. For actual damages;

ii. Awarding attorney's fees, litigation expenses and costs (15 U.S.C. §2310);

iii. Granting such other and further relief as is appropriate.

**COUNT III – FRAUD**

54. Plaintiff incorporates paragraphs 1-19.

55. Defendant's representation that the gloves were made in the United States was a material false representation.

56. Defendant knew it was false.

57. Defendant made the representation for the purpose of selling gloves it would not otherwise sell and to obtain a higher price for the gloves than could be obtained for gloves not made in the United States.

58. Plaintiff and the class members relied on the representation by purchasing the gloves.

59. Plaintiff and the class members were damaged by Defendant's misrepresentation.

**CLASS ALLEGATIONS**

60. Plaintiff brings this matter as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of a class.

61. The class consists of all persons who purchased safety gloves from Lowe's that Lowe's represented to be made in the United States, and received safety gloves that were not made

in the United States, during the six years preceding the filing of this action.

62. Plaintiff reserves the right to amend and further clarify the proposed class definition as discovery proceeds.

63. Excluded from the class are Defendants, including any parent, subsidiary, or affiliate of Defendants and their officers, directors, agents, sales agents, employees, and members of their immediate families.

64. The class is so numerous that joinder of all members would be impracticable. There are more than 40 members.

65. There questions of fact and law common to the class members, which common questions predominate over any individual issues. The common questions include:

a. Whether it is the practice of Lowe's to represent in advertising that safety gloves are made in the United States when they are not;

b. Whether such representation constitutes fraud;

c. The appropriate remedies.

66. Plaintiff's claims are typical of the claims of the members of the putative classes. All are based on the same legal and factual contentions. Plaintiff is a member of the class and is entitled to relief against Defendant's actions.

67. Plaintiff will fairly and adequately assert and protect the interests of the members of the classes. He has retained counsel fully competent in this type of litigation.

68. Plaintiff has no interests that are contrary to or in conflict with the interests of the class members.

69. The maintenance of this action as a class action will be a superior method of adjudication in promoting the convenient administration of justice because:

a. Individual adjudications could yield conflicting rulings from different courts regarding the claims made by the class members against the Defendants.

b. Individual litigation is not economically feasible.

c. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its certification as a class action.

70. Notice covering the matters set forth in MCR 3.501(C)(3) may be accomplished by sending written notice via mail to all class members. Defendant has names and last known addresses for all class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant:

i. For actual damages;

ii. For punitive damages;

iii. Awarding costs;

iv. Granting such other and further relief as is appropriate.

**COUNT IV – UNJUST ENRICHMENT**

71. Plaintiff incorporates paragraphs 1-19.

72. Defendant obtained money through inequitable conduct by representing that the gloves were made in the United States, when they were not.

73. Defendant should be required to disgorge the money it obtained to avoid unjust enrichment.

**CLASS ALLEGATIONS**

74. Plaintiff brings this matter as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of a class.

75. The class consists of all persons who purchased safety gloves from Lowe's that Lowe's represented to be made in the United States, and received safety gloves that were not made in the United States, during the six years preceding the filing of this action.

76. Plaintiff reserves the right to amend and further clarify the proposed class definition as discovery proceeds.

77. Excluded from the class are Defendants, including any parent, subsidiary, or affiliate

of Defendants and their officers, directors, agents, sales agents, employees, and members of their immediate families.

78. The class is so numerous that joinder of all members would be impracticable. There are more than 40 members of each.

79. There questions of fact and law common to the class members, which common questions predominate over any individual issues. The common questions include:

a. Whether it is the practice of Lowe's to represent in advertising that safety gloves are made in the United States when they are not;

b. Whether the sale of gloves by means of such representation results in unjust enrichment.

c. The appropriate remedies.

80. Plaintiff's claims are typical of the claims of the members of the putative classes. All are based on the same legal and factual contentions. Plaintiff is a member of the class and is entitled to relief against Defendant's actions.

81. Plaintiff will fairly and adequately assert and protect the interests of the members of the class. He has retained counsel fully competent in this type of litigation.

82. Plaintiff has no interests that are contrary to or in conflict with the interests of the class members.

83. The maintenance of this action as a class action will be a superior method of adjudication in promoting the convenient administration of justice because:

a. Individual adjudications could yield conflicting rulings from different courts regarding the claims made by the class members against the Defendants.

b. Individual litigation is not economically feasible.

c. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its certification as a class action.

84. Notice covering the matters set forth in MCR 3.501(C)(3) may be accomplished by

sending written notice via mail to all class members. Defendant has names and last known addresses for all class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant:

i. For appropriate damages;

ii. Awarding costs;

iii. Granting such other and further relief as is appropriate.

**COUNT V – MICHIGAN CONSUMER PROTECTION ACT**

85. Plaintiff incorporates paragraphs 1-19.

86. MCL 445.903 provides:

> Sec. 3. (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> (a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.
>
> (b) Using deceptive representations or deceptive designations of geographic origin in connection with goods or services. . . .
>
> (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. . . .
>
> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . .
>
> (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.
>
> (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. . . .

87. Lowe's violated each of the above provisions by advertising gloves made in the United States and delivering gloves made in China and India.

88. MCL 445.911 provides:

> Action by person for declaratory judgment, injunction, or actual damages; class action by person for actual damages; order; hearing; receiver; sequestration of assets; cost of notice;

limitations.

Sec. 11. (1) Whether or not a person seeks damages or has an adequate remedy at law, a person may bring an action to do either or both of the following:

(a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3.

(b) Enjoin in accordance with the principles of equity a person who is engaging or is about to engage in a method, act, or practice that is unlawful under section 3. . . .

(4) A person who suffers loss as a result of a violation of this act may bring a class action on behalf of persons residing or injured in this state for the actual damages caused by any of the following:

(a) A method, act, or practice in trade or commerce defined as unlawful under section 3. . . .

(5) On motion of a person and without bond in an action brought under subsection (4), the court may make an appropriate order to do 1 or more of the following:

(a) Reimburse persons who have suffered damages.

(b) Carry out a transaction in accordance with the aggrieved persons' reasonable expectations.

(c) Strike or limit the application of unconscionable clauses of contracts to avoid an unconscionable result.

(d) Grant other appropriate relief.

(6) In an action brought under subsection (4), the court after a hearing may appoint a receiver or order sequestration of the defendant's assets if it appears to the satisfaction of the court that the defendant threatens or is about to remove, conceal, or dispose of the defendant's assets to the detriment of members of the class.

(7) If at any stage of proceedings brought under subsection (4) the court requires that notice be sent to the class, a person may petition the court to require the defendant to bear the cost of notice. In determining whether to impose the cost on the defendant or the plaintiff, the court shall consider the probability that the person will succeed on the merits of the person's action.

(8) If the defendant shows by a preponderance of the evidence that a violation of this act resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, the amount of recovery is limited to actual damages.

(9) An action under this section must not be brought more than 6 years after the occurrence of the method, act, or practice that is the subject of the action or more

> than 1 year after the last payment in a transaction involving the method, act, or practice that is the subject of the action, whichever period of time ends at a later date. However, if a person commences an action against another person, the defendant may assert, as a defense or counterclaim, any claim under this act arising out of the transaction on which the action is brought.

## CLASS ALLEGATIONS

89. Plaintiff brings this matter as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of a class.

90. The class consists of all persons who purchased safety gloves from Lowe's that Lowe's represented to be made in the United States, and received safety gloves that were not made in the United States, during the six years preceding the filing of this action, which gloves were delivered to a Michigan address.

91. Plaintiff reserves the right to amend and further clarify the proposed class definition as discovery proceeds.

92. Excluded from the class is Defendant, including any parent, subsidiary, or affiliate of Defendant and their officers, directors, agents, sales agents, employees, and members of their immediate families.

93. The class is so numerous that joinder of all members would be impracticable. There are more than 40 members.

94. There are questions of fact and law common to the class members, which common questions predominate over any individual issues. The common questions include:

   a. Whether it is the practice of Lowe's to represent in advertising that safety gloves are made in the United States when they are not;

   b. Whether such representation is misleading or deceptive.

   c. The appropriate remedies.

95. Plaintiff's claims are typical of the claims of the members of the putative class. All are based on the same legal and factual contentions. Plaintiff is a member of the class and is

entitled to relief against Defendant's actions.

96. Plaintiff will fairly and adequately assert and protect the interests of the members of the class. He has retained counsel fully competent in this type of litigation.

97. Plaintiff has no interests that are contrary to or in conflict with the interests of the class members.

98. The maintenance of this action as a class action will be a superior method of adjudication in promoting the convenient administration of justice because:

a. Individual adjudications could yield conflicting rulings from different courts regarding the claims made by the class members against the Defendants.

b. Individual litigation is not economically feasible.

c. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its certification as a class action.

99. Notice covering the matters set forth in MCR 3.501(C)(3) may be accomplished by sending written notice via mail to all class members. Defendant has names and last known addresses for all class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant:

i. For appropriate damages;

ii. Awarding attorney's fees, litigation expenses and costs;

iii. Granting such other and further relief as is appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Adam G. Taub

Adam G. Taub (P48703)
**ADAM G. TAUB & ASSOCIATES**
**CONSUMER LAW GROUP, PLC**
17200 W. 10 Mile Rd., Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Admission pro hac vice to be sought:

Daniel A. Edelman (IL 0712094)
Dulijaza (Julie) Clark (IL 6273353)
**EDELMAN, COMBS,**
**LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Phone: (312) 739-4200
(312) 419-0379 (FAX)
Email: courtecl@edcombs.com

DATED: JUNE 17, 2024

# EXHIBIT A

11:30 5G 61%

Screenshot_20240419-10273...
352 KB

lowes.com

SPRING SAVINGS ARE CALLING. SHOP SPRING FEST NOW

LOWE'S

Search

Find a Store Near Me

Clothing & Work Apparel / Workwear / Work Footwear & A



Project Source Large Polyester Mechanical Repair Gloves, (3-Pairs)

Item #792206 | Model #LW86156-L3P

Shop Project Source 356

**$12.98**

Pickup
Ready within 3 hrs

Delivery
As soon as Today

FREE Pickup at W. Lansing Lowe's
Check Other Stores

120 in Stock Aisle 19 | Bay 22

— 1 + Add to Cart

Overview Specifications Product Features

— 1 + Add to Cart

10:25

DURABLE






EASY TO USE




**Safety**

They act as a protection device to your hands while working on daily tasks.



**Greater Control**

They offer superior grip and control while lifting, carrying and moving objects.



# EXHIBIT B


LW0C1003-032021
Distributed by
Distribué par/Distribuido por:
West Chester Protective Gear
11500 Canal Rd.
Cincinnati, OH 45241
MADE IN CHINA
FABRIQUÉ EN CHINE
HECHO EN CHINA
0321


LEATHER GLOVES
GUANTES DE CUERO
Distributed by / Distribuido por:
Lowe's Home Centers LLC,
1000 Lowe's Blvd.
Mooresville, NC 28117
866-389-8827
MADE IN INDIA
HECHO EN INDIA
0323
#0184240
PROJECT SOURCE and
trademarks of LF, LLC.
PROJECT SOURCE y el
o marcas registradas


MADE IN CHINA
HECHO EN CHINA
PAPER
CARD
#4964
PROJECT
SOURCE®


LEATHER GLOVES
GUANTES DE CUERO
#2624626
Distributed by / Distribuido por:
Lowe's Home Centers LLC.
1000 Lowe's Blvd.
Mooresville, NC 28117
MADE IN CHINA
HECHO EN CHINA
0623
PAPER
CARD
PROJECT SOURCE and logo design are trademarks or registered trademarks of LF, LLC. All rights reserved.
PROJECT
SOURCE®


LW30076-122022
Item | Article | Artículo #495726
MADE IN CHINA
FABRIQUÉ EN CHINE
HECHO EN CHINA